# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROMMELL A. RIGGINS #318-857 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-14-90 |
| WARDEN JOHN WOLFE, et al. | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

On March 22, 2012, self-represented Petitioner Rommell Riggins filed his first 28 U.S.C. § 2254 habeas corpus petition attacking his 2003 convictions in the Circuit Court for Baltimore City for two counts of first-degree robbery with a dangerous or deadly weapon, two counts of use of a handgun in the commission of a felony or crime of violence, one count of possession of a short-barreled shotgun, and one count of possession of a regulated firearm by a felon. *See Riggins v. Wolfe, et al.,* Civil Action No. PJM-12-930 (D. Md.). The Petition was denied on the merits on January 24, 2013. *Id.,* ECF Nos. 22 and 23. A Certificate of Appealability was denied and Petitioner's appeal was dismissed by the United States Court of Appeals for the Fourth Circuit on May 23, 2013. *Id.,* ECF No. 28.

On January 13, 2014, Petitioner filed the instant 28 U.S.C. §2254 habeas corpus application, challenging the same convictions and sentences. The self-represented Petitioner raises claims concerning error on the part of the State post-conviction court and claims the court denied him assistance of counsel at those proceedings. ECF No. 1.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court

and obtained an order authorizing the district court to consider his application. *See* 28 U.S.C. §2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Because the instant Petition is deemed successive, before this Court may consider Petitioner's claims, the United States Court of Appeals for the Fourth Circuit would first be required to examine whether this Court should consider the Petition. *See* 28 U.S.C. § 2244(b)(3)(A);[1] *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). This "gate-keeping" authorization has not be requested nor granted here.

The Court shall dismiss the Petition without prejudice pursuant to 28 U.S.C. §2244(b)(3)[2] and deny appointment of counsel. The Clerk shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should he wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claim.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ...

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The undersigned will decline to issue a Certificate of Appealability here.


_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

January 24, 2014